**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

MOSARRAF SHAH, also known as
Maruf Hasan,

　　　　Defendant - Appellant.

No. 08-6115

(W.D. Oklahoma)

(D.C. No. 5:07-CR-00291-C-1)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Following a jury trial, defendant and appellant Mosarraf Shah, a/k/a Maruf

Hasan, was found guilty of being an illegal alien in possession of two firearms, in

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violation of 18 U.S.C. § 922(g). He was sentenced to thirty-three months'
imprisonment. Shah appeals, arguing his sentence is unreasonable. We affirm.

**BACKGROUND**

Shah, a native of Bangladesh, entered the United States in 1993, when he
was approximately twelve years old. Both he and his father apparently tried to
obtain legal status for Shah to remain in this country, but were unsuccessful in
both attempts. Shah has worked in commercial convenience stores and pizza
businesses since his arrival in the United States. Shortly after Shah's arrival, his
father left him with a family friend who evidently treated him like "slave labor"
and did not permit him to attend school.

Shah was found in the possession of a Glock handgun and an assault-style
Bushmaster rifle in November 2007. In addition to the weapons, Shah was found
in the possession of scores of rounds of ammunition, at least three high-capacity
magazines for the assault rifle, and extra magazines for the Glock. At that time,
Shah owned and operated his own pizza restaurant, was twenty-six years old and
spoke only English.

As indicated, Shah was found guilty following a jury trial. In preparation
for sentencing under the advisory United States Sentencing Commission,
Guidelines Manual ("USSG"), the United States Probation Office prepared a
presence report ("PSR"), which calculated Shah's offense level as twenty and

his criminal history category as I. That rendered an advisory sentencing Guidelines range of thirty-three to forty-one months. In its sentencing memorandum, the government agreed with the probation office that there were no grounds to depart downward from the advisory Guidelines sentence.

In his sentencing memorandum, Shah sought a "downward departure or downward variance" to six months, the time he had already served, on the following grounds: (1) Shah claimed the weapons were obtained "from police officers and with the intent of using them in self-defense" of his pizza store in a high-crime neighborhood;[1] (2) Shah has no criminal history, and he had a difficult childhood after arriving in the United States; (3) the sentence is greater than necessary to fulfill the objectives of the sentencing Guidelines; and (4) he will be deported to Bangladesh and has no intention to re-offend. In his brief on appeal, Shah argues that the thirty-three month sentence imposed is unreasonable because of the circumstances leading up to his offense and because he has no criminal background.

---

[1]Shah in fact purchased the weapons from a fellow businessman. The businessman, in turn, testified that he had purchased at least one, if not both, of the guns from police officers. There was no dispute that Shah had no license or other valid permission to own the guns.

**DISCUSSION**

We review a district court's sentencing decision for an abuse of discretion, inquiring whether the sentence is reasonable in view of the factors listed in 18 U.S.C. § 3553(a). See United States v. Gall, 128 S. Ct. 586, 594 (2007) ("Our explanation of reasonableness review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). Reasonableness has both a procedural and a substantive component. See United States v. Hildreth, 485 F.3d 1120, 1127 (10th Cir. 2007). In general, a sentence that reflects a proper Guidelines calculation and application of the § 3553(a) factors is procedurally reasonable. See United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" Id. (quoting United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by*, Irizarry v. United States, 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008)). A sentence which falls within a properly-calculated Guidelines range is presumed to be substantively reasonable on appeal. United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008).

Shah argues only that his sentence is too long, which is a challenge to the substantive reasonableness of the sentence. He makes no specific procedural challenges to the sentence calculation. Based upon our review of the record, we

-4-

conclude that Shah's thirty-three month sentence is reasonable. The sentence reflects the seriousness of the crime here—the deliberate sequential purchase of two weapons and ammunition. Moreover, while Shah did arrive in the United States as a youth and was indisputably treated very badly by his relatives and associates, by the time he committed the instant offense he was an adult, fluent in English, and was running his own business. In short, we perceive no abuse of discretion in the district court's imposition of the sentence in this case.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Senior Circuit Judge